31657:SCA:gvs                                               Attorney No. 41535

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## LAW DIVISION – SIXTH DISTRICT

| | | |
|---|---|---|
| LINDA BRUNSON, | ) | 2017L066043 |
| | ) | CALENDAR/ROOM P |
| Plaintiff, | ) No. | TIME 00:00 |
| | ) | Premises Liability |
| vs. | ) | Amount: In Excess of FIFTY |
| | ) | THOUSAND DOLLARS ($50,000.00) |
| | ) | plus the cost of this suit. |
| | ) | |
| WAL-MART STORES, INC., a foreign | ) | |
| corporation, | ) | |
| | ) | Return Date: |
| | ) | |
| Defendant. | ) | |

### COMPLAINT

NOW COMES Plaintiff, LINDA BRUNSON, by and through her attorneys, THE VRDOLYAK LAW GROUP, LLC, and complaining of Defendant, WAL-MART STORES, INC., states as follows:

### COUNT I – LINDA BRUNSON v. WAL-MART STORES, INC.

1. That on or about December 27, 2015, and at all relevant times herein, Defendant, WAL-MART STORES, INC., was a foreign corporation organized and licensed to do business under the laws of the State of Illinois.

2. That at the aforesaid time, and at all relevant times herein, Defendant did own, operate, manage and control a certain business, located at or near 4005 West 167th Street, Country Club Hills, Illinois 60478 (hereinafter "Premises").

3. That at the aforesaid time and place, and at all relevant times herein, Defendant made said premises available to the general public and said business was, in fact, used by the general public.

Exhibit B

4. That at the aforesaid time and place, and at all relevant times herein, Defendant invited and allowed Plaintiff, LINDA BRUNSON, to enter upon said premises and Plaintiff was, in fact, lawfully upon said premises.

5. That at the aforesaid time and place, and at all relevant times herein, Plaintiff was an intended and permitted user of said premises owned by Defendant.

6. That at all relevant times herein, Plaintiff was in the exercise of all due care and caution for her own safety and the safety of others; that care being commensurate with her age, intellect and mental capacity and with the physical circumstances existent at such time and place.

7. That at the aforesaid time and place, Plaintiff was then and there lawfully upon said premises when she did suffer injuries in or at said premises due to a defective condition on the premises thereon consequential to the negligence of Defendant, to wit: an uneven and bunched-up runner, that was uneven with the floor, which caused Plaintiff to fall and be injured.

8. That the aforesaid unreasonable dangerous condition was present at said Premises consequential to the negligence of an agent or employee of the Defendant as hereinafter set forth.

9. That the aforesaid unreasonable dangerous condition was not open and obvious to Plaintiff who was then and there in the exercise of due care and caution.

10. That at the aforesaid time and place, and at all relevant times herein, an agent or employee of the Defendant had actual or constructive notice of the existence of the aforesaid unreasonably dangerous condition.

11. That at the aforesaid time and place, and at all relevant times herein, an agent or employee of the Defendant, had either actual or constructive notice that its failure to either remedy or repair the aforesaid unreasonably dangerous condition, resulted in a high probability that others lawfully

upon said Premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

12. That at the aforesaid time and place, and at all relevant times herein, Defendant, owed a duty to Plaintiff, LINDA BRUNSON, and to the public generally, to refrain from negligent conduct which would endanger the safety of Plaintiff, said duty included, but was not limited to, refraining from a negligent standard of care in the remedy, repair and maintenance of said Premises in order to guard against foreseeable injuries to third parties proximately caused by the aforesaid unreasonably dangerous condition.

13. That at the aforesaid time and place, an agent or employee of Defendant, WALMART STORES, INC., negligently breached its duty to the Plaintiff, by acting with disregard for the safety of the Plaintiff, through one or more of the following acts and/or omissions:

    (a) permitted and allowed the aforesaid unreasonably dangerous condition at said Premises to be and remain in an unreasonably dangerous condition;

    (b) failed to remedy or repair the uneven and bunched-up runner at said Premises;

    (c) failed to adequately maintain said Premises;

    (d) maintained said Premises in an open, defective condition for an unreasonable length of time;

    (e) failed to warn the Plaintiff, of the aforesaid unreasonably dangerous condition at said Premises;

    (f) caused and created and/or allowed the unreasonably dangerous condition to remain at said Premises through Defendant's negligence.

14. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of an agent or employee of Defendant, WALMART STORES, INC., Plaintiff, LINDA BRUNSON, suffered injuries and damages of a personal pecuniary and permanent nature.

WHEREFORE, Plaintiff, LINDA BRUNSON, demands judgment against Defendant, WALMART STORES, INC., a Foreign Corporation, for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS plus cost of this suit.

_____
Steven C. Armbruster

**THE VRDOLYAK LAW GROUP, LLC**
**By: Steven C. Armbruster**
Attorney for Plaintiff
9618 South Commercial Avenue
Chicago, Illinois 60617
(773) 731-3311

## RULE 222 (b) AFFIDAVIT

I, the undersigned, am the Plaintiff in this case and under penalties provided by the law pursuant to section 1-109 of the Code of Civil procedure certify that the damages sought in this lawsuit does/~~does not~~ exceed Fifty Thousand Dollars ($50,000.00)

X/ _[signature]_



DIE DATE 08/22/2017
DIST 604 DC

SSMITH7

DOC.TYPE: LAW
CASE NUMBER: 17L066043
DEFENDANT
WALMART STORES
208 S LASALLE
CHICAGO, IL 60604
STE 814

SERVICE INFO:
RT 09/02 RM 119 CT CORP
REGISTERED AGENT

ATTACHED FEE: $0.00